UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CONSERVATION LAW FOUNDATION, INC., | * * * * | |
| Plaintiff, | * * * | |
| v. | * * | Civil Action No. 24-cv-11886-ADB |
| TOWN OF BARNSTABLE, MASSACHUSETTS, | * * * | |
| Defendant. | * * | |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

Plaintiff Conservation Law Foundation ("CLF") initiated this action claiming that discharges flowing from the Hyannis Water Pollution Control Facility ("the Facility")—which Defendant Town of Barnstable operates—violate the Clean Water Act ("CWA"), specifically the CWA's restrictions on point source pollution without a permit. [ECF No. 1 ("Compl.")]. In the instant case, Defendant filed a motion to dismiss, [ECF No. 6], which the Court granted in part and denied in part, [ECF No. 22]. Currently pending before the Court is Defendant's motion to amend the judgment to stay the proceedings and certify interlocutory appeal. See [ECF No. 29]. For the reasons set forth below, Defendant's motion is **DENIED**.

### I.  BACKGROUND

Plaintiff filed its first complaint against Defendant on February 16, 2021 in a separate action, alleging that Defendant was discharging pollutants from a point source (the Facility) into navigable waters without a proper permit in violation of the CWA. Complaint ¶¶ 175–80,

Conservation L. Found., Inc. v. Town of Barnstable (CLF I), 615 F. Supp. 3d 14, (D. Mass. 2022) (No. 21-cv-10258).  This case was dismissed on July 20, 2022, see CLF I, 615 F. Supp. 3d at 17, and thereafter Plaintiff filed a motion for reconsideration, Motion to Alter Judgment, CLF I, 615 F. Supp. 3d 14 (No. 21-cv-10258), which was denied, Order Denying Motion to Alter Judgment, CLF I, 615 F. Supp. 3d 14 (No. 21-cv-10258).

Plaintiff subsequently filed the present action on July 22, 2024.  See generally [Compl.].  This new complaint identified thirteen alleged navigable waters, each brought as a different claim, into which Defendant was discharging pollutants.  [Id. at 44–57].  Defendant moved to dismiss for failure to state a claim on September 23, 2024, [ECF No. 6], Plaintiff opposed on October 23, 2024, [ECF No. 14], and Defendant entered its reply on November 6, 2024, [ECF No. 15].  Defendant unsuccessfully claimed that,[1] under the Supreme Court's decision in County of Maui v. Haw. Wildlife Fund, Plaintiff failed to show that the discharges from the Facility are "the functional equivalent of a direct discharge from [a] point source into navigable waters," as is required for CWA jurisdiction.  590 U.S. 165, 169 (2020).[2]

The Court dismissed some of Plaintiff's claims but left nine to proceed.  [ECF No. 22].

## II. DISCUSSION

### A. Legal Standard

"District courts may certify an otherwise non-appealable order for interlocutory review by the Court of Appeals if the order 1) involves a controlling question of law 2) as to which there

---

[1] Defendant asserted a different theory for dismissal as to the claims that were ultimately dismissed, [ECF No. 7 at 13–14], but that theory is not at issue for present purposes.
[2] There is no dispute that the Facility discharges into groundwater first, rather than directly into navigable waters, [Compl. ¶ 94], which is why the analysis focused on Maui's "functional equivalent" test.  590 U.S. at 184–85.

2

are grounds for a substantial difference of opinion and 3) an immediate appeal would materially advance the ultimate termination of the litigation." Meijer, Inc. v. Ranbaxy Inc., 245 F. Supp. 3d 312, 314–15 (D. Mass. 2017) (citing 28 U.S.C. § 1292(b)).  The First Circuit has "repeatedly emphasized that 'interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances,'" and "[a]s a general rule, [it does] not grant interlocutory appeals from a denial of a motion to dismiss." Caraballo-Seda v. Mun. of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005) (quoting Palandjian v. Pahlavi, 782 F.2d 313, 314 (1st Cir. 1986)).

      **B.**     **Analysis**

             **1.**     **Interlocutory Appeal**

Defendant identifies the controlling question of law in this case to be "whether transit time of 4.4 years could be consistent with the 'functional equivalent of direct discharge.'" [ECF No. 30 at 5].  The Court holds that this is not a suitable question for interlocutory appeal.

First, the question as articulated is not one "as to which there are grounds for a substantial difference of opinion," Meijer, 245 F. Supp. 3d at 315, because Defendant's position is inconsistent with the Supreme Court's precedent in Maui, see also U.S. ex rel. McDermott v. Genentech, Inc., 518 F. Supp. 2d 289, 290 (D. Me. 2007) ("In the First Circuit, interlocutory certification is allowed only 'where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority.'" (emphasis added) (quoting McGillicuddy v. Clements, 746 F.2d 76, 76 n. 1 (1st Cir. 1984))).  In establishing the test for what constitutes the functional equivalent of a direct discharge, the Court said:

> Whether pollutants that arrive at navigable waters after traveling through groundwater are "from" a point source depends upon how similar to (or different from) the particular discharge is to a direct discharge.
>
> The difficulty with this approach, we recognize, is that it does not, on its own, clearly explain how to deal with middle instances. But there are too many

> potentially relevant factors applicable to factually different cases for this Court now to use more specific language. Consider, for example, just some of the factors that may prove relevant (depending upon the circumstances of a particular case): (1) transit time, (2) distance traveled, (3) the nature of the material through which the pollutant travels, (4) the extent to which the pollutant is diluted or chemically changed as it travels, (5) the amount of pollutant entering the navigable waters relative to the amount of the pollutant that leaves the point source, (6) the manner by or area in which the pollutant enters the navigable waters, (7) the degree to which the pollution (at that point) has maintained its specific identity. <u>Time and distance will be the most important factors in most cases, but not necessarily every case.</u>

Maui, 590 U.S. at 184–85 (emphasis added). Given this language, it seems beyond this Court's power to certify a question of law as to whether 4.4 years can <u>ever</u> be consistent with the functional equivalent of a direct discharge, as Defendant asks this Court to do. The end result of Defendant's request would be that the First Circuit would create a new test, first asking whether the time is less than 4.4 years and then, in a second step, engaging in the Supreme Court's prescribed balancing of factors. The Court finds no support in Maui's text for such an outcome.[3]

A more general framing of the question allowing for consideration of all of the Maui factors—for example, whether the bodies of water CLF identifies in the remaining counts in this case constitute the functional equivalent of a direct discharge—would run afoul of the first prerequisite for interlocutory appeal because it would then not be a controlling question of law. Controlling questions of law "typically implicate a pure legal principle that can be resolved without extensive consultation to the record." Meijer, 245 F. Supp. 3d at 315. As Defendant

---

[3] It may well be the case that, as an empirical matter, after balancing the factors, a discharge that takes over 4.4 years to reach a navigable water is never found to be a direct discharge. See CLF I, 615 F. Supp. 3d at 25–26 (weighing all the factors and determining that the other factors are unlikely to overcome a transit time of twenty-one years). This does not relieve this Court or any district court of the responsibility to engage in the Maui balancing test as set forth by the Supreme Court. See Stone v. High Mountain Mining Co. LLC, 89 F.4th 1246 (10th Cir. 2024) (remanding where transit time and distance weighed strongly for plaintiff, but district court had not analyzed all of the factors).

notes, "[d]iscovery regarding the seven Maui factors for each of these nine different hydrological journeys will be factually complex, and involve expert testimony from hydrologists and others with specialized knowledge of groundwater flow, nitrogen attenuation, and other matters." [ECF No. 30 at 6]. "In short, the defendant [seeks to] w[eave] factbound arguments . . . into the warp and woof of his challenge to [this Court's analysis of the applicable legal standard]. Such an intertwining of disputed issues of fact . . . , on the one hand, with principles of law, on the other hand, places these arguments beyond [the] reach [of] interlocutory appeal." McKenney v. Mangino, 873 F.3d 75, 84 (1st Cir. 2017) (refusing to review fact-based challenge to multi-factor qualified immunity ruling on interlocutory appeal).[4]

Because "[t]he party seeking the interlocutory appeal must establish all three elements," PR Recovery & Dev. JV, LLC v. Lopez Lopez, No. 22-cv-01205, 2023 WL 2713902, at *3 (D.P.R. Mar. 29, 2023), this Court's analysis may end here. The motion to certify interlocutory appeal is **DENIED**.

### 2. Stay

Defendant's motion to stay proceedings is entirely dependent on its motion to certify interlocutory appeal. [ECF No. 30 at 11]. It is therefore **DENIED** as moot.

---

[4] For clarity, the Court does not mean to suggest that it can never decide, as a matter of law, that an alleged discharge into groundwater is not the functional equivalent of a direct discharge—indeed, this Court did so in CLF I. 615 F. Supp. 3d 14. But, as the Supreme Court recognized in Maui, it is "middle instances" like those we have before us that are much more dependent on a careful factual analysis of all of the relevant factors. 690 U.S. at 184.

## III. CONCLUSION

Defendant's motion to amend the judgment to include a certification for interlocutory appeal is **<u>DENIED</u>**. Defendant's motion to stay is **<u>DENIED</u>**.

**SO ORDERED.**

July 31, 2025                                                                 */s/ Allison D. Burroughs*
                                                                              ALLISON D. BURROUGHS
                                                                              U.S. DISTRICT JUDGE